FINKELSTEIN *v*. DINNAN.

FRAUDS, STATUTE OF—ORAL PROMISE TO PURCHASE EQUITY IN LAND
   CONTRACT VOID.
   An oral promise to purchase in the future for cash an
      equity in a land contract of the value of more than $100
      was a promise to purchase a chose in action and therefore
      void under the statute of frauds (3 Comp. Laws 1915, §
      11835, subd. 1).

Error to Oakland; Covert (Frank L.), J.    Submitted October 18, 1922.    (Docket No. 120.)    Decided December 29, 1922.

Assumpsit by Henry Finkelstein against Patrick W. Dinnan for the breach of a contract for the purchase of an equity in a land contract. Judgment for plaintiff. Defendant brings error. Reversed.

*Robert D. Heitsch*, for appellant.

*Doty & Cram* (*Andrew L. Moore*, of counsel), for appellee.

McDONALD, J. This is an action to recover damages for the failure to perform an oral promise to purchase a vendee's interest in a land contract, the face value of which was $1,046.50. The plaintiff was the owner of certain real estate in the city of Pontiac, and the defendant, Patrick Dinnan, was a real estate broker. They entered into an agreement in which Dinnan undertook to sell the plaintiff's property, or exchange it for other property suitable for carrying on the business in which the plaintiff was engaged. The defendant had some negotiations with one Norman

Buckner, wherein it was proposed to exchange the plaintiff's interest with Buckner. The plaintiff's interest in his property was represented by a land contract on which there was $1,880.51 paid. Buckner was to pay $600 in cash, $234 by promissory note and to assign to plaintiff an equity in a contract of property on Stowell street, which equity amounted to $1,046.50. The plaintiff was not satisfied with the terms of the Stowell street contract, nor with the location of the property. He claims that, in order to induce him to make the exchange with Buckner, the defendant promised that, when the plaintiff secured other property suitable to his business, he, Dinnan, would pay him in cash the face value of the Stowell street contract. With his plea of the general issue the defendant gave notice of several special defenses, one of which was that the agreement was void under the statute of frauds. The case was tried before a jury and a verdict rendered for the plaintiff in the sum of $737. The defendant took out a writ of error but did not succeed in filing his bill of exceptions in this court. The case is here under Supreme Court Rule No. 11, to be heard on the record and the special assignments of error filed herein.

Some of the assignments of error will not be discussed because a consideration of them necessarily involves matters which are no part of this record. The error presented by assignment No. 3 is as follows:

"According to plaintiff's declaration the cause of action purports to be based upon a parol promise to purchase a chose of action of greater value than one hundred dollars, and was therefore void."

It is the defendant's claim that the contract upon which the cause of action is based is unenforceable because it comes within the statute of frauds.

As to plaintiff's claim we quote from his brief as follows:

"If we are correct in our interpretation of the contract that the thing purchased was Finkelstein's willingness to negotiate further, and that the agreement on Dinnan's part to take the Stowell street contract for cash was merely the price Dinnan was paying for such willingness, we submit that the contract is not within the statute of frauds at all, for the reason that the real subject-matter, to-wit, Finkelstein's willingness to negotiate further, is not a chattel, and if it is not a chattel the contract is not within the statute."

We are unable to agree with counsel's interpretation of the contract. The declaration sets up an agreement to purchase in the future for cash an equity in a land contract for which the buyer was to pay $1,046.50.

Section 11835, subd. 1, 3 Comp. Laws 1915, is as follows:

"A contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, unless some note or memorandum in writing of the contract of sale be signed by the party to be charged, or his agent in that behalf."

The contract sued upon was not in writing. It was to be performed in the future. It was for the sale of a chose in action of the value of more than $100. No money was paid and nothing done by the buyer to make it valid and enforceable, as required by the statute. All of this appears in the declaration. Therefore, it does not show a cause of action. It does not count upon a contract for the breach of which plaintiff can recover the damages alleged in his bill of particulars. The judgment cannot be sustained.

As a decision of this question is controlling of the

plaintiff's right to recover, other errors presented by assignments will not be discussed.

The judgment of the circuit court is reversed and a new trial granted, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.